IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES M. GRANT, ) | |
| ) | |
| ) | |
| Petitioner, ) | No. 3:17-cv-00848 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| GRADY PERRY, Warden, ) | |
| ) | |
| Respondent. ) | |

# **M E M O R A N D U M**

James M. Grant, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* challenging his 1998 conviction and sentencing by way of a plea agreement for one count of facilitation to commit first-degree murder and two counts of attempted first-degree murder for which he is serving a term of imprisonment of sixty-five years in the Tennessee Department of Correction.[1] (Docket No. 1 at 1).

**I.   Introduction**

On January 8, 1998, the petitioner pled guilty to one count of facilitation to commit first-degree murder and to two counts of attempted first-degree murder pursuant to a plea agreement. (Docket No. 13, Attach. 1, Page ID# 65-67). The trial court sentenced the petitioner to an effective sixty-five years of imprisonment.[2] (*Id.*, Attach. 1, Page ID# 63, 65). As a condition of his plea agreement, the

---

[1]The petitioner originally was indicted on one count of first-degree felony murder, one count of attempted aggravated robbery, one count of aggravated robbery, and two counts of attempted first-degree murder. (Docket No. 13, Attach. 1, Page ID# 57-61).

[2]The court sentenced the petitioner to forty years for facilitation first degree murder as a Range II offender, consecutive to concurrent sentences of twenty-five years for each count of attempted first degree murder as a Range I offender. (Docket No. 13, Attach. 10, PageID# 6).

1

petitioner did not appeal his convictions or sentence. (*Id.*, Attach. 1, Page ID #62).

On May 5, 2006, the petitioner filed a *pro se* petition for a writ of *habeas corpus* in the Davidson County Criminal Court alleging that his judgments were facially void because the trial court failed to credit the petitioner with pretrial jail credit. (*Id.*, Attach. 1, Page ID# 68-77). The criminal court summarily dismissed the petition because the petitioner filed his petition in the wrong court under Tennessee Code Annotated § 29-21-105. (*Id.*, Attach. 1, Page ID# 97-98). The Court of Criminal Appeals affirmed. (*Id.*, Attach. 1, Page ID# 154).

Ten years later, on April 19, 2016, the petitioner filed a *pro se* motion to correct an illegal and void sentence in the Davidson County Criminal Court. (*Id.*, Attach. 8, Page ID# 179). In his motion, the petitioner alleged that his sentence is illegal because he was sentenced out of range on the conviction for facilitation to commit felony murder. The criminal court denied the motion on the basis that out of range plea agreements are permitted where a defendant knowingly and voluntarily agrees to be sentenced outside the range and that the petitioner specifically waived any challenge regarding the range of punishment as part of his guilty plea. (*Id.*, Attach. 8, Page ID# 187). The Court of Criminal Appeals affirmed on August 10, 2016. (*Id.*, Attach. 12, Page ID# 222).

On May 9, 2017, the petitioner filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1 at 13). On September 5, 2017, the court ordered the respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules Gov'g § 2254 Cases. (Docket No. 8). In response, the respondent filed a motion to dismiss the petition for a writ of *habeas corpus* for untimeliness (Docket No. 14), to which the petitioner has not responded in opposition.

II.     **Standard for Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

However, the AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Motion to Dismiss

The respondent has filed a motion to dismiss the petition as untimely in violation of the one-year statute of limitations set forth by the AEDPA. (Docket No. 14). The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review

was May 10, 1998.³ Thus, pursuant to Federal Rule of Civil Procedure 6(a)(1)(A), the AEDPA limitations period began running on May 11, 1998, the day after the Supreme Court limitation period expired. *See* Fed. R. Civ. P. 6(a)(1)(A)("exclude the day of the event that triggers the period[.]"). The petitioner then had one year, or until May 11, 1999, to timely file his federal *habeas* petition.

On May 5, 2006, the petitioner first challenged his convictions and sentence when he filed his *pro se* petition for a writ of *habeas corpus* in the Davidson County Criminal Court. (Docket No. 13, Attach. 1, Page ID# 68). However, this filing did not statutorily toll the limitations period because the AEDPA's one-year limitations had expired **prior to** the petitioner's post-conviction filing.

The petitioner placed his federal *habeas corpus* petition into the prison mail system on May 9, 2017. (Docket No. 1 at 13). In the petition, he alleges a "fundamental miscarriage of justice" is occurring because his sentence is unconstitutional. (*Id*. at 5). From the record before the court, it appears that the petitioner filed his petition **nearly eighteen years** after the AEDPA's one-year limitations period. In other words, the petition is untimely.

The petitioner has not responded to the respondent's motion to dismiss. In his petition, the petitioner fails to disclose that he filed his May 2006 *pro se* petition for a writ of *habeas corpus* in the Davidson County Criminal Court. The petitioner appears to rely on his April 19, 2016 state court motion to begin the running of the AEDPA one-year statute of limitations for filing his federal *habeas corpus* petition. However, as explained above, the AEDPA period for filing his federal *habeas* petition expired in May 1999, well before the petitioner filed his 2016 motion to correct an illegal

---

³The petitioner does not state whether he petitioned for certiorari in the Supreme Court on direct appeal. On February 10, 1998, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See* Fed. R. Civ. P. 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, February 9, 1998, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on May 10, 1998. *See* Fed. R. Civ. P. 6(a)(1)(c) (when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

and void sentence.

To the extent that the petitioner contends that "a fundamental miscarriage of justice" excuses his untimeliness (Docket No. 1 at 5), a *habeas* petitioner can overcome a procedural default by demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). The "fundamental miscarriage of justice" gateway is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986)); *McQuiggin v. Perkins*, 569 U.S. 383, 392-96 (2013); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Williams*, 380 F.3d at 973. Importantly, a claim of innocence in this context is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315, 115 S. Ct. 851 (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L.Ed.2d 203 (1993)).

Here, the petitioner fails to contend that "no reasonable juror would have convicted him in light of the new evidence." *Williams*, 380 F.3d at 973. The petitioner raises only one claim in his petition: "whether a state commits a fundamental miscarriage of justice when is unconstitutionally convicts and sentence[s] defendants to prison?" (Docket No. 1 at 5). This claim rests on the petitioner's belief that Tennessee has misapplied its sentencing laws in violation of the petitioner's due process rights. (*Id.*) He does not raise a claim of actual innocence, nor does he identify or allude to new "evidence." Consequently, the petitioner fails to make a showing of "actual innocence"

5

permitting him to pass through the "fundamental miscarriage of justice" gateway.

**IV.    Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, and considering the respondent's motion to dismiss, the court finds that the petition is untimely filed.  In addition, the petitioner fails to allege any legally sufficient reason to excuse his untimeliness. The court therefore concludes that the respondent's motion to dismiss is well taken, and the petition should be denied with prejudice as time-barred.

An appropriate order will be entered.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge